```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|                  |   |                               |
|------------------|---|-------------------------------|
| AMARYLLIS, INC.  | : |                               |
|                  | : |                               |
| v.               | : | Civil Action No. DKC 25-732   |
|                  | : |                               |
| PERRY ADLER      | : |                               |
|                  | : |                               |

**MEMORANDUM OPINION**

Plaintiff, Amaryllis, Inc. ("Plaintiff") filed this complaint against its former Chief Financial Officer, Defendant Perry Adler ("Defendant"), on March 5, 2025, alleging fraud, conversion, negligence, and breach of fiduciary duty. (ECF No. 1). Instead of responding to the complaint, Defendant filed a motion to stay these proceedings pending the resolution of potential criminal liability. (ECF No. 20). Plaintiff opposes the motion. (ECF No. 21). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

In support of his motion, Defendant recites that the allegations "could also subject Defendant to criminal liability under federal and/or state law" and that counsel for Plaintiff represented that the matter had been referred to government authorities. (ECF No. 20, at 1). He asserts that he has a constitutional right under the Fifth Amendment to the United States

Constitution to refuse to provide testimony that may tend to incriminate him and that, if the civil case proceeds, he "will be forced to choose between defending himself in civil discovery (and possibly waiving his Fifth Amendment rights) or remaining silent and suffering adverse inferences." (ECF No. 20, at 4).

As Judge Hollander recently recognized:

> A district court has broad discretion to stay proceedings as part of its inherent power to control its own docket. *Landis v. North American*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Parallel criminal proceedings may sometimes support the stay of civil proceedings. *See Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013). But, "'[b]ecause of the frequency with which civil and regulatory laws overlap with criminal laws, American jurisprudence contemplates the possibility of simultaneous or virtually simultaneous parallel proceedings and the Constitution does not mandate the stay of civil proceedings in the face of criminal proceedings.'" *Id.* (quoting *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 530 (S.D.W.Va. 2005)) (alteration mine).

*Consumer Fin. Prot. Bureau v. Access Funding, LLC*, No. 16-CV-3759-ELH, 2022 WL 1556096, at *3 (D.Md. May 16, 2022). She also noted that courts have used two, slightly different, multi-factor tests to balance the competing interests to determine whether a stay is appropriate. The undersigned previously used the six-factor test in *Chartis Property Casualty Co. v. Huguely*, No. 13-CIV.A.-1479-DKC, 2013 WL 5634266, at *2-3 (D.Md. Oct. 15, 2013):

> In determining whether a stay should be entered, courts must weigh multiple factors:
> > (1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the criminal case including whether the defendants have been indicted; (3) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation; (4) the private interests of, and the burden on, the defendant; (5) the interest of the courts; and (6) the public interest.
>
> *United States v. Hubbard,* No. AW-13-344, 2013 WL 1773575, at *2 (D.Md. Apr. 24, 2013) (*quoting In re Royal Ahold N.V. Sec. & ERISA Litigation,* 220 F.R.D. 246, 253 (D.Md. 2004)). The party seeking a stay bears the burden of establishing the necessity of a stay. *Clinton v. Jones,* 520 U.S. 681, 708, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997).

Here, there is no more than a potential for criminal proceedings so it is not possible to discern whether the issues will overlap. "[C]ourts are loath to stay a civil case when a criminal case is in the pre-indictment stage." *Chartis*, 2013 WL 56334266, at *3 (citing *Hubbard*, 2013 WL 1773575, at *2). Not only has there been no indictment, but also the court has not been advised that there is even a criminal investigation at this point. Plaintiff obviously has an interest in proceeding with the civil litigation, particularly if a criminal case is never brought. While Defendant has a general interest in avoiding his Fifth Amendment conflict, he has no absolute right to a stay of

indefinite length.  The court's and public's interest in efficient and just resolution of cases favor denial of the stay.

At this juncture, the motion must be denied.  Defendant's concern over potential criminal liability is not sufficient to overcome all of the other considerations.  Unless and until criminal proceedings are underway, a stay is inappropriate.

                                          /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge

4